NO. 07-09-0237-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 

 SEPTEMBER 8, 2010



 

 



 

 

ROY DEAN GATES, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 

 



 

 FROM THE 299TH DISTRICT
COURT OF TRAVIS COUNTY;

 

NO. D-1DC-08-301065; HONORABLE CHARLES F. BAIRD, JUDGE



 

 



 

Before CAMPBELL and HANCOCK and PIRTLE,
JJ.

 

 

MEMORANDUM OPINION

            Appellant,
Roy Dean Gates, was convicted by a jury of aggravated assault using a deadly
weapon in a manner capable of causing death or serious bodily injury to a
member of his household or a person with whom he had a dating relationship.[1]  He was sentenced to twenty-two years
confinement.[2]  In presenting his appeal, counsel has filed
an Anders[3]
brief in support of a motion to withdraw. 
We grant counsel's motion and affirm.

            In support of his motion to
withdraw, counsel certifies he has conducted a conscientious examination of the
record and, in his opinion, the record reflects no potentially plausible basis
to support an appeal.  Anders v. California, 386 U.S. 738,
744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Schulman, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008).  Counsel candidly discusses why, under the
controlling authorities, the appeal is frivolous.  See High
v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).  Counsel has also demonstrated that he has
complied with the requirements of Anders
and In re Schulman by (1) providing a
copy of the brief to Appellant, (2) notifying him of his right to file a pro se response if he desired to do so,
and (3) informing him of his right to file a pro se petition for discretionary review.  In re Schulman, 252 S.W.3d at 408.[4]  The State filed its response to Appellant's
brief indicating its agreement that there is no meritorious ground of error and
the appeal is frivolous.  And, by letter,
this Court granted Appellant an extension of nearly six weeks to exercise his
right to file a response to counsel's brief should he be so inclined.  Id.
at 409 n.23. 
Appellant did not file a response. 


            We have reviewed counsel's arguments
and we have independently examined the entire record to determine whether there
are any non-frivolous issues which might support the appeal.  See
Penson v. Ohio, 488 U.S. 75, 80, 109 S.Ct. 346, 102 S.Ct. 346, 102 L.Ed.2d
300 (1988); In re Schulman, 252
S.W.3d at 409; Stafford v. State, 813
S.W.2d 503, 511 (Tex.Crim.App. 1991).  We
have found no such issues.  See Gainous v. State, 436
S.W.2d 137, 138 (Tex.Crim.App. 1969). 
After reviewing the record and counsel's brief, we agree with counsel
that there are no plausible grounds for appeal. 
See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex.Crim.App. 2005).

            Accordingly, counsel's motion to
withdraw is granted and the trial court's judgment is affirmed.     

 

                                                                                                Patrick
A. Pirtle

                                                                                                      Justice  

 

Do not publish.











[1]Tex.
Penal Code Ann. § 22.02(a)(1),(2) (Vernon Supp. 2009).





[2]As
indicted the offense was punishable as a first degree felony.  Tex. Penal Code Ann. § 22.02(b)(1)
(Vernon Supp. 2009).





[3]Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).





[4]Notwithstanding
that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the Trial Court's Certification of Defendant's
Right of Appeal, counsel must comply with Rule 48.4 of the Texas Rules of
Appellate Procedure which provides that counsel shall within five days after
this opinion is handed down, send Appellant a copy of the opinion and judgment
together with notification of his right to file a pro se petition for discretionary review.  Tex. R. App. P. 48.4.  See
In re Schulman, 252 S.W.2d at 408 n.22 & 411 n.35.